IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NASE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-02417 |
| BUCKS COUNTY HOUSING | : | |
| AUTHORITY, ET AL. | : | |
| | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                           **SEPTEMBER  26 , 2016**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 6.) For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

Plaintiff Michael Nase worked for Defendant Bucks County Housing Authority ("BCHA") as a Laborer beginning in December 2007. (Compl. ¶ 22, ECF No. 1.)[1] He was promoted to the position of Maintenance Mechanic in 2013. (Compl. ¶ 24.) In November 2013, Plaintiff injured his knee and requested short-term disability leave for his injury. (*Id*. ¶ 26.) He was on short-term disability leave until March 20, 2014. (*Id*. ¶ 27.) Upon returning to work, Plaintiff resumed his work duties up until April 3, 2014. (*Id*. ¶ 28.)

In addition to his knee injury, Plaintiff suffers from panic disorders, depression and anxiety. (*Id.* ¶ 29.) Plaintiff claims that these mental issues limited his ability to concentrate, drive a car, and relate to others. (*Id.*¶ 30.) Plaintiff obtained a note from his physician stating

---

[1]   Defendants all seek dismissal of Plaintiff's Complaint. Defendant Donald Grondahl is the Executive Director of BCHA. (Compl. ¶ 5.) Defendants Joyce E. Snyder, Ronald J. Matlack, Carole Z. Logan, Richard Aichele III, and Barbara A. Miller are all Board Members of BCHA. (*Id*. ¶ 4.)

that Plaintiff was capable of working up to forty hours per week, but that he should not be scheduled to be on-call outside of business hours.  (*Id*. ¶¶ 31, 32.)  On April 11, 2014, Plaintiff notified his employer of his mental disability and requested accommodations pursuant to the note from his physician.  (*Id*. ¶¶ 31, 33.)  BCHA did not comply with the doctor's medical restrictions and scheduled Plaintiff for additional after-hours on-call work.  (*Id*. ¶ 35.)

On April 14, 2014, BCHA contacted Plaintiff's physician.  (*Id*. ¶ 37.)  The Pennsylvania Human Relations Commission ("PHRC") found that on April 14, 2014, BCHA did contact Plaintiff's physician, but that it did not seek information in an attempt to "engage in the interactive process."  (*Id*. ¶ 38.)  Instead, the PHRC found that BCHA was hostile towards the physician's staff and demanded that the physician change the medical note.  (*Id.*)  On April 29, 2016, the PHRC made a finding that there was probable cause to believe that BCHA discharged Plaintiff due to his disability.  (*Id.* ¶ 47.)

Plaintiff filed the instant Complaint on May 18, 2016.  Plaintiff's Complaint alleges four separate claims of discrimination: Count 1: violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; Count II: violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Count III: violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"); and Count IV, a state law claim under the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951 ("PHRA").  On July 18, 2016, Defendants filed this Motion to Dismiss.  (Defs.' Mot., ECF No. 6.)  On August 18, 2016, Plaintiff filed a Response in opposition.  (Pl.'s Resp., ECF No. 9.)  On August 26, 2016, Defendants filed a Reply.  (Defs.' Reply, ECF No. 10.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to

relief." If a plaintiff does not state a claim upon which relief can be granted, the complaint must be dismissed. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The statute of limitations is usually used as an affirmative defense. However, it can also provide proper grounds for dismissal of a complaint under Rule 12(b)(6). *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975) ("[A] Rule 12(b) motion can be utilized when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." (citation omitted)); *see also Berg v. Access Grp., Inc.*, No. 13-5980, 2014 WL 4812331, at *12 (E.D. Pa. Sept. 26, 2014) (observing that the statute of limitations can be used as grounds to dismiss a complaint). For a complaint to be dismissed under Rule 12(b)(6), the facts alleged within the complaint must clearly indicate that the claim is time-barred. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period . . . .").

## III.     DISCUSSION

Plaintiff's Fourteenth Amendment Equal Protection claim under § 1983 alleges that Defendants discriminated against him on the basis of his disability. (Compl. ¶ 50.) Plaintiff also attempts to assert a § 1983 *Monell* claim by baldly alleging that the BCHA had an "illegal municipal policy or custom." (*Id.* ¶ 51.) In addition, Plaintiff claims that Defendants unlawfully discriminated against him because of his disability or perceived disability under the

3

Rehabilitation Act and the ADA.  (*Id*. ¶¶ 55, 56, 60, 61.)  Finally, Plaintiff alleges a state law claim against Defendants under the PHRA, claiming that Defendants unlawfully discriminated against him.  (*Id*. ¶ 64.)

Defendants argue that Plaintiff's § 1983 and Rehabilitation Act claims are barred by a two-year statute of limitations.  (Defs.' Mot. 4,7; Defs.' Reply 2.)[2]  Plaintiff responds that the ADA and Rehabilitation Act claims are both subject to a four-year statute of limitations period.  (Pl.'s Resp. 6.)  In addition, Plaintiff contends that even if we apply a two-year statute of limitations period, that period should be tolled because Plaintiff was pursuing administrative claims.  (*Id*.)

### A.   Section 1983 Claim

Plaintiff filed an Equal Protection claim under § 1983 alleging that Defendants discriminated against him on the basis of his disability.  The statute of limitations for § 1983 claims is determined by the applicable state's statute of limitations for a personal-injury claim.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the statute of limitations for § 1983 claims is "that which the State provides for personal-injury torts").  The statute of limitations for personal injuries in Pennsylvania is two years.  42 Pa. Cons. Stat. Ann. § 5524.  Plaintiff's § 1983 claim is subject to a two-year statute of limitations.  *See Kost v. Kozakiewicz*, 1 F.3d 176,

---

[2] Defendants also assert that Plaintiff's § 1983 claim and *Monell* claim fail as a matter of law because Plaintiff failed to state a plausible equal protection claim and failed to allege any facts to support the existence of a policy or custom.  (Defs.' Mot. 4-5.)  Defendants further assert that Plaintiff's ADA, Rehabilitation Act, and PHRA claims should be dismissed because Plaintiff did not allege an actual disability and Defendants did not "regard" Plaintiff as having a disability.  (*Id*. at 7-9.)  Defendants also assert that Plaintiff failed to plead facts that show Defendants took an adverse employment action against Plaintiff because of his alleged disability.  (*Id*. at 10.)  Finally, Defendants assert that Plaintiff fails to allege that any of the six individuals named in the Complaint took any action or inaction to warrant liability under the Rehabilitation Act, ADA, or PHRA.  (*Id*. at 12-13.)  Since Plaintiff's claims will be dismissed based upon the statute of limitations, we need not address these arguments.

189-90 (3d Cir. 1993) (holding that because there is no federal statute of limitations for § 1983, the court will apply Pennsylvania's two-year statute of limitations for personal injury suits).

Plaintiff does not dispute that his claim accrued in April 2014. Plaintiff asserts in his Complaint that on April 11, 2014 he requested that BCHA provide a reasonable accommodation because of his disability. (Compl. ¶ 33.) Plaintiff again tried to receive an accommodation from BCHA on April 29, 2014. (*Id*. ¶ 45.) Defendant did not provide any accommodation. (*Id*. ¶¶ 34, 44.)

Plaintiff filed his Complaint on May 18, 2016, more than two years after his claims had accrued. Plaintiff was aware of the allegedly discriminatory actions of Defendants on April 11 and 29, 2014. He did not file the Complaint until more than two years had passed. Therefore, the § 1983 claim will be dismissed. The statute of limitations has run.[3]

### B.     ADA and Rehabilitation Act Claims

Plaintiff filed a claim of unlawful discrimination and retaliation against Defendants under both the ADA and the Rehabilitation Act. There is no express statute of limitations for either the ADA or the Rehabilitation Act. Courts therefore apply the statute of limitations for "the most analogous state law cause of action." *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995)). The Third Circuit has held that both the ADA and Rehabilitation Act should follow the statute of limitations for the applicable state statute's personal injury actions. *See id*. (applying a two-year statute of limitations period for both Title II of the ADA and Section 504 of the Rehabilitation Act); *Buckhart v. Widener Univ., Inc*. 70 F. App'x 52, 53 (3d Cir. 2008)

---

[3]     Plaintiff's § 1983 *Monell* claim is similarly time-barred by Pennsylvania's two-year statute of limitations. *See Myers v. Demoss*, No. 12-3660, 2012 WL 5401862, at *2 (E.D. Pa. Nov. 6, 2012) ("The statute of limitations for plaintiff's *Monell* claims is two years." (citing *Garvin v. City of Phila.*, 354 F.3d. 215, 220 (3d Cir. 2003))).

(holding that the court "will apply a two-year statute of limitations to the ADA claims"); *see also Krooks v. Haverford College*, No. 14-4205, 2015 WL 221082, at *3 (E.D. Pa. Jan. 14, 2015) (holding that both the ADA and Rehabilitation Act are subject to a two-year statute of limitations period).

Plaintiff agrees that the Rehabilitation Act and ADA must borrow from an applicable state statute of limitations. However Plaintiff contends that the Court should apply the statute of limitations for contractual claims. Relying on *Hutchings v. Erie City & County Library Board Of Directors*, 516 F. Supp. 1265 (W.D. Pa. 1981), Plaintiff argues that because the relationship between the parties stems from a contractual employer-employee relationship, the statute of limitations for contractual claims should apply. (Pl.'s Resp. 5.) Plaintiff argues that, under *Hutchings*, the applicable statute of limitations for his claims should be four or six years. (*Id.* at 6.) In *Hutchings*—a district court case decided in 1981—the court determined that the plaintiff's civil rights claim for employment discrimination was governed by the statute of limitations for contractual actions rather than personal injury actions. 516 F. Supp. at 1271 ("[T]hese employment discrimination suits have generally been compared to contract actions in determining the proper statute of limitations."). In Pennsylvania, contract claims are governed by a four-year statute of limitations. 42 Pa. Cons. Stat. Ann. § 5525.

*Hutchings* is not consistent with present Third Circuit law. The Third Circuit uniformly applies a two-year statute of limitations for all ADA and Rehabilitation Act claims. Therefore, we will apply a two-year statute of limitations for both the ADA and Rehabilitation Act claims. Accordingly, Plaintiff's ADA and Rehabilitation Act claims are time-barred.[4]

---

[4] Although Defendants did not explicitly move to dismiss Plaintiff's ADA claim as time-barred, we are permitted to dismiss a claim *sua sponte* if it is clear on the face of the Complaint that the claim is time-barred. *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010)

C.     **Equitable Tolling**

Plaintiff argues that the statute of limitations should be tolled in the event that the court applies a two-year limitations period. Plaintiff again relies on *Hutchings* to support his argument that because he engaged in administrative proceedings with the EEOC and PHRC, the statute should be equitably tolled. (Pl.'s Resp. 6.) The court in *Hutchings* determined that it would be "manifestly unfair" to penalize parties who sought to exhaust administrative remedies before filing a claim in court, regardless of whether exhaustion was required. 516 F. Supp at 1271. Again, we reject *Hutchings*.

If a plaintiff is not required to exhaust administrative remedies before bringing a claim in federal court, the statute of limitations is not tolled. *See O'Shea v. Interboro Sch. Dist.*, No. 13-06305, 2014 WL 1673237, at *5 (E.D. Pa. Apr. 29, 2014) ("[W]here a plaintiff is not required to exhaust their administrative remedies prior to bringing suit in federal court, the statute of limitations is not tolled when the plaintiff chooses to seek those optional remedies."); *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. Of Tech., Inc.*, 742 F.3d 42, 48 (2d Cir. 2014) ("Although equitable tolling of limitations periods has been recognized in other contexts where pursuing a separate administrative remedy is a precondition to filing suit . . . no such tolling is available where an optional, parallel avenue of relief is pursued." (internal citations omitted)).

Neither the ADA nor the Rehabilitation Act requires that plaintiffs exhaust administrative remedies before filing a claim in federal court. *See Burkhart*, 70 F. App'x. at 53-54 (noting that plaintiffs do not need to exhaust administrative remedies under § 504 of the Rehabilitation Act or

---

("We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint . . . .").

under the ADA); *Smith v. City of Philadelphia*, 345 F. Supp. 2d 482, 486 (E.D. Pa. 2004) ("Neither Title II of the ADA nor the Rehabilitation Act include a requirement that a plaintiff exhaust his or her administrative remedies before filing suit in federal court."); *Freed v. Consolidated Rail Corp.* 201 F.3d 188, 194 (3d Cir. 2000) ("Accordingly, we reaffirm our long-standing position that section 504 plaintiffs may proceed directly to court without pursuing administrative remedies."). Since neither the ADA nor the Rehabilitation Act require Plaintiff to exhaust administrative remedies before filing a claim in federal court, equitable tolling is not appropriate here.

While Plaintiff was not required to pursue administrative remedies for his federal claims, he was required to pursue administrative remedies on his state PHRA claim. Plaintiff suggests that the Court should toll the statute of limitations for his federal claims because he was required to pursue administrative remedies under the PHRC. (Pl.'s Resp. 6.) This argument has been rejected by the Third Circuit. In *Burkhart*, the court held that "[b]ecause Title III [of the ADA] does not require the exhaustion of state remedies, the fact that [the plaintiff] pursued a claim before the PHRC does not toll the statute of limitations." 70 F. App'x at 54.

In addition, the Third Circuit deems equitable tolling appropriate in three principal situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver*, 38 F.3d at 1387. Plaintiff was not actively misled by Defendant, nor does Plaintiff make any allegations to support such an accusation. Furthermore, Plaintiff did not timely assert his rights in the wrong forum.

8

The only argument made by Plaintiff to support his claim that the statute of limitations should be equitably tolled is that he pursued administrative remedies. (Pl.'s Resp. 6.) This does not satisfy the requirement that Plaintiff has been prevented from asserting his claim in some "extraordinary way." Accordingly, Plaintiff's Rehabilitation Act and ADA claims are time-barred. The two-year statute of limitations has run and equitable tolling is not appropriate.

### D.     Remaining State PHRA Claim

Unlike Plaintiff's federal claims, the PHRA does require him to exhaust administrative remedies with the PHRC. 43 Pa. Stat. Ann. § 959(a). The statute of limitations under the PHRA is two years, however it does not begin to run until the PHRC closes the complaint. 43 Pa. Stat. Ann. § 962(c)(2) ("An action . . . shall be filed within two years after the date of notice from the Commission closing the complaint."); *see also Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 475 (3d Cir. 2001) ("[T]he PHRA limitations period for bringing suit . . . [runs] from the date of notice that the PHRC closed the complaint."). The PHRC made its finding on April 29, 2016. (Compl. ¶ 47.) Therefore, the statute of limitations for Plaintiff's PHRA claim has not run.

Since all of Plaintiff's federal claims have been dismissed as time-barred, we must determine whether to exercise supplemental jurisdiction over Plaintiff's state law PHRA claim. The Court has discretion when deciding whether to exercise pendant jurisdiction over a state law claim, and should consider principles of "judicial economy, convenience and fairness to litigants" in making its decision. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Under 28 U.S.C. § Section 1367(c), a district court may decline to exercise jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."

9

28 U.S.C. §1367(c)(3).  Here, because all of Plaintiff's federal claims have been dismissed, we will dismiss Plaintiff's remaining state PHRA claim without prejudice.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**
