IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NASE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-02417 |
| BUCKS COUNTY HOUSING | : | |
| AUTHORITY, ET AL. | : | |
| | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                   **NOVEMBER  21 , 2016**

Presently before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 13.) For the following reasons, the Motion will be denied.

**I.      BACKGROUND**

Plaintiff requests reconsideration in part of the Order granting Defendants' Motion to Dismiss. (Mot. to Dismiss Mem., ECF No. 11; Motion to Dismiss Order, ECF No. 12.) In that Order, we dismissed Plaintiff's disability discrimination claims under the Americans with Disabilities Act ("ADA"). The claims were evaluated under Title II of the ADA, and were determined to be time-barred because Plaintiff was not required to exhaust his administrative remedies, and therefore the statute of limitations was not tolled. Since we determined that Plaintiff's claims should be dismissed based on the statute of limitations, we did not address Defendants' arguments that the claims as pled should be dismissed as a matter of law. The factual background surrounding this matter is fully set forth in our September 27, 2016 Memorandum granting Defendants' Motion to Dismiss Plaintiff's Complaint. (*See* Mot. to Dismiss Mem.)

In his Motion for Reconsideration, Plaintiff argues that although he did not allege in his Complaint that his ADA claims were being brought under Title I of the ADA, the claims should be evaluated under Title I.  (Pl.'s Mot., ECF No. 13.)  If the claims are evaluated under Title I, they are not time-barred.  After reviewing the matter, it appears that although the Third Circuit has not spoken on the specific issue of whether an employment discrimination claim under the ADA should be evaluated under Title I or Title II of the ADA, several circuit courts and a number of district courts have determined that such claims should be evaluated under Title I.  Under Title I, Plaintiff was required to exhaust his administrative remedies.  As a result, the statute of limitations was equitably tolled.  We are satisfied that the weight of current authority requires that Plaintiff's ADA claims be evaluated under Title I of the ADA and that the statute of limitations has not run on those claims.  Accordingly, we will address Defendants' argument that the ADA claims are deficient as a matter of law.  (Defs.' Resp., ECF No. 14.)

## II.   DISCUSSION

To state a discrimination claim under the ADA, Plaintiff must allege that he is "disabled" within the meaning of the ADA, that he is otherwise qualified to perform the "essential functions of the job, with or without reasonable accommodations by the employer," and that he has suffered from an adverse employment action as a result of Defendants' discrimination.  *Fleck v. WILMAC Corp.*, No. 10-5562, 2011 WL 1899198, at *4 (E.D. Pa. May 19, 2011) (citing *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998)).

Under the first prong, the ADA provides a framework for courts to use when determining if an individual is disabled.  An individual qualifies as disabled if he:  (1) has "a physical or mental impairment that substantially limits one or more major life activities"; (2) has "a record of such impairment"; or (3) is "regarded as having such an impairment."  42 U.S.C. § 12102(1).

The issue to be decided here is whether Plaintiff qualifies as "disabled" under the ADA's definitions.  Plaintiff alleges that he is in fact disabled under the ADA because (1) he is a "qualified individual with a disability" that substantially limits one or more major life activities, and (2) that Defendants regarded him as having a physical impairment that substantially limited one or more of his major life activities. (Compl. ¶¶ 59-61, ECF No. 1.)  Defendants argue that Plaintiff does not have an impairment that substantially limits a major life activity and that Defendants never regarded Plaintiff as having such an impairment.  Defendants point out that Plaintiff is one of twelve Maintenance Mechanics working for Defendants and that all of the mechanics are required to work forty hours per week and are required to work overtime and be on call when required.

        1.    **Whether Plaintiff was a Qualified Individual with a Disability**

Plaintiff argues that his disability "substantially limits one or more major life activities," as is required for him to be considered "disabled" under the ADA.  42 U.S.C. § 12102(1)(A).  In his Complaint, Plaintiff states that he sustained a knee injury in November 2013 and suffers from panic disorders, depression, and anxiety. (Compl. ¶¶ 26, 29.)  Plaintiff claims that these disabilities limit his ability to concentrate, drive a car, and relate to others. (Id. ¶ 30.)  However, Plaintiff also acknowledges that he was fully capable of working a forty-hour work week. (Id. ¶ 32.)  Plaintiff's physician wrote a note to Defendants, which stated that Plaintiff could work forty hours per week but that he could not work after hours and could not be on call. (Id. ¶¶ 35, 42.)

When determining whether Plaintiff's disability substantially limits a major life activity, we must examine the facts alleged in Plaintiff's Complaint.  See 29 C.F.R. § 1630.2(j)(iv) ("The determination of whether an impairment substantially limits a major life activity requires an individualized assessment."); *Fleck*, 2011WL 1899198, at *4 ("Whether an individual is

substantially limited in a major life activity is a question of fact." (citations omitted)).  When assessing the facts surrounding a particular plaintiff's impairment, courts should not conduct an extensive analysis of the phrase "substantially limited."  Under the ADA Amendments Act of 2008 ("ADAAA"), Congress clarified that determining "whether an individual's impairment is a disability under the ADA should not demand extensive analysis." ADAAA, Pub. L. No. 110-325, § 2(b)(5), 122 Stat. 3553.  Although the ADAAA's definition of "substantially limits" was meant to be "construed broadly . . . [n]ot every impairment will constitute a disability within the meaning of this section."  29 C.F.R. § 1630.2(j)(1).  The ADAAA "requires that the qualifying impairment create an 'important' limitation."  *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 513 (E.D. Pa. 2012) (quoting 29 C.F.R. pt. 1630 App. (2011)).  We must therefore analyze the extent to which Plaintiff's alleged impairments limit his life activities.  *Id.* (finding that the Court was still required to determine if "the Complaint sufficiently pleaded the degree of limitation caused by the impairment . . . .")

Plaintiff claims that his knee injury, anxiety, panic attacks, and depression limit his ability to concentrate, drive a car, and relate to others.  Plaintiff does not further specify the extent to which these activities were limited by his medical conditions.  However, we do know that he was fully capable of working a forty-hour work week.  Evidently, what he contends he cannot do is work any overtime or be on call.  Defendants argue that Plaintiff can work forty hours a week.  His alleged inability to work overtime or be on call does not qualify as a "substantial limitation" under the ADA's definition of a disability.  (Defs.' Mot., ECF No. 6.)[1]

Despite Plaintiff's alleged medical conditions, he was fully competent and capable of working forty hours each week without a problem.  We need not conduct an extensive factual

---

[1] One wonders how a person can work a forty-hour work week but cannot be on call and cannot work overtime if requested.

analysis here to determine that Plaintiff's limitations were not significant enough to interfere with his ability to complete a full work week.  Plaintiff's limitations, as pled, do not constitute a substantial limitation in the major life activity of working.  *See Cave v. Potter*, No. 10-2577, 2011 WL 4101501, at *1, 6 (E.D. Pa. September 9, 2011) (finding that the plaintiff was not disabled because her doctor said she was "capable of working up to eight hours with normal breaks" and her condition did not prevent her from working in a "broad range of jobs").  Accordingly, Plaintiff has failed to allege that he is a qualified individual with a disability.

### 2. Whether Plaintiff was "Regarded As" Disabled

Plaintiff also argues that Defendants regarded him as having an impairment that substantially limited one or more of his major life activities.  In order for Plaintiff to adequately plead that he was "regarded as" disabled under the ADA, he must establish that he "has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12101(3)(A).  Plaintiff cites two reasons as support that Defendants regarded him as disabled:  (A) Defendants' letter denying Plaintiff accommodation, and (B) his allegation that Defendants discharged him because they regarded him as disabled.  These allegations are insufficient to state a "regarded as" claim under the ADA.

#### A. *Letter Denying Accommodation*

Plaintiff requested to Defendants that his work be "limited to forty hours per [] week with no overtime and no after hour on call duty." (Compl. ¶ 42.)  Defendants sent a letter to Plaintiff denying his request for accommodation.  (*Id*.)  The letter denying Plaintiff accommodation is insufficient because it does not indicate that Defendants believed Plaintiff was disabled.  In fact, the letter indicates the exact opposite.  The letter states that Defendants regarded Plaintiff as fully

capable of performing the same duties as all of the other Maintenance Mechanics. Plaintiff alleges in his Complaint that he "was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities." (*Id*. ¶ 60.) When asserting a "regarded as" claim, Plaintiff must establish that Defendants mistakenly believed his medical condition prevented him from performing a "wide range" of jobs. *Hannis-Miskar v. N. Schuykill Sch. Dist.*, No. 16-142, 2016 WL 3965209, at *3 (M.D. Pa. July 22, 2016) (quoting *Keyes v. Catholic Charities of the Archdiocese of Phila.*, 415 F. App'x 405, 410 (3d Cir. 2011)) ("In order to prove that an employer regarded an employee as disabled, the employee must demonstrate that the employer 'misinterpreted information about [the employee's] limitations to conclude that he was unable to perform 'a wide range or class of jobs.'").

     The letter does not provide any indication that Defendants perceived Plaintiff as having a disability, let alone a disability that limited his ability to perform a variety of jobs or that limited a major life activity. Rather, the letter states that Plaintiff was required to perform "the same work responsibilities as the other 11 Maintenance Mechanics." (Compl. ¶ 43.) This letter indicates that Defendants regarded Plaintiff as fully capable of performing the same amount of work as any of his colleagues. The letter gives no indication that Defendants believed Plaintiff was disabled, nor does it infer that Plaintiff's medical condition in some way made him less capable of completing his work responsibilities. To the contrary, the letter demonstrates that Defendants regarded Plaintiff as an employee fully capable of performing his work responsibilities. Plaintiff has failed to show that Defendants regarded him as disabled based upon the letter denying Plaintiff's request for accommodation.

Furthermore, Plaintiff's claim fails because Defendants' letter was a denial of Plaintiff's request for accommodation. The ADAAA states that employers "need not provide a reasonable accommodation" to employees who are merely "regarded as" disabled, rather than actually disabled. 42 U.S.C. § 12201(h); *see also McNelis v. Pennsylvania Power & Light, Susquehanna, LLC*, No. 13-2612, 2016 WL 5019199, at *26 (M.D. Pa. Mar. 23, 2016) ("[W]here a plaintiff brings a regarded-as claim, as here, [he] must demonstrate that [he] was a qualified individual without the benefit of any reasonable accommodation." (internal quotation marks and citations omitted)); *Szarawara v. Cty. of Montgomery*, No. 12-5714, 2013 WL 3230691, at *4 (E.D. Pa. June 27, 2013) (holding that a defendant is not required to provide a plaintiff with reasonable accommodation because of a plaintiff's "allegedly perceived disability"). Accordingly, Defendants' letter denying Plaintiff's request for accommodation is insufficient to assert a "regarded as" claim under the ADA.

### B.  Defendants' Discharge of Plaintiff

Plaintiff baldly states that Defendants discharged him because they regarded him as disabled. Indeed, Plaintiff has provided no facts to support this allegation. Plaintiff only refers to his termination once in his Complaint, stating that "the Pennsylvania Human Relations Commission made a finding that probable cause existed to support the Plaintiff's contention that the Defendant discharged him due to regarding him as having a disability in violation of the law." (Compl. ¶ 47.) Plaintiff provides no factual background or support to indicate how Defendants perceived him as disabled, and how that perception led to his termination. While Plaintiff does refer to the Commission's finding that probable cause existed, Plaintiff provides no context for the Commission's determination, the facts that the Commission considered, the Commission's reasoning, or any single fact relating to the circumstances surrounding Plaintiff's

termination.  The bald assertion that Defendants discharged Plaintiff because they regarded him as disabled is insufficient to state a claim of discrimination.  *See Robuck v. Mine Safety Appliances Co.*, No. 10-763, 2010 WL 4553562, at *6 (W.D. Pa. Nov. 3, 2010) ("While Plaintiff is not required to plead detailed facts or provide evidence to support an ADA claim . . . he must allege that Defendant discriminated against him because of that disability with enough facts to raise his claim beyond the speculative level as described in *Twombly* and *Iqbal*." (citations omitted)).

      Furthermore, Plaintiff is not considered to have asserted a "regarded as" claim under the ADA simply because Defendants were aware of Plaintiff's alleged medical conditions.  *See Kiniropoulos v. Northhampton Cty. Child Welfare Serv.*, 917 F. Supp. 2d 377, 386 (E.D. Pa. 2013) ("'[T]he mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action.'" (quoting *Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996))).  While Defendants were aware of Plaintiff's alleged medical conditions, Plaintiff presents nothing to support his allegation that Defendants perceived Plaintiff as disabled, and consequently fired him because of that perception.  In fact, as stated above, the exact opposite is true.  Defendants were aware of Plaintiff's alleged medical condition, but nevertheless demanded that he work the same hours as his colleagues.  Plaintiff has presented nothing to support the assertion that Defendants perceived him as disabled and has presented no factual support linking such a perception to his termination, aside from his conclusory statement.  Plaintiff has failed to state a claim upon which relief can be granted under the "regarded as" prong of the ADA.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**